ANTONIO CARRASCO CARVAJAL, Plaintiff and Appellant, v. JUAN AUFFANT ET AL., Defendants and Appellees.

No. 10737. Argued March 4, 1953.—Decided September 20, 1954.

*Celestino Iriarte, F. Fernández Cuyar* and *Héctor González Blanes* for appellant. *Miranda Esteves & Martínez Álvarez* for appellee Fernández & Cia., Inc.

MR. JUSTICE BELAVAL delivered the opinion of the Court.

According to the facts originally alleged, Juan Auffant leased from Antonio Carrasco a business place and warehouse with office furniture at 260 Tetuán St., San Juan, Puerto Rico. On or about the month of March,.1948, Juan Auffant transferred such lease to Mercantil Fernández & Compañía Incorporada, with the understanding, according to the allegation of plaintiff and appellant, that as soon as Juan Auffant needed the premises, the Mercantile Co. would vacate it and place it at the disposal of Auffant. On or about the month of June, 1949, Juan Auffant entered into another business transaction with Antonio Carrasco whereby he transferred to the latter all his rights and actions in the lease contract and notified the Mercantil Fernández & Co., Inc., to that effect. This company, as plaintiff-appellant alleges, accepted and agreed with both Juan Auffant and Antonio Carrasco, to vacate the premises and warehouse, and leave them at the disposal of plaintiff-appellant. Relying on the aforesaid agreement, as plaintiff-appellant further

alleges, on June 30, 1949, Antonio Carrasco acquired from Juan Auffant all the rights and actions that Auffant had in the lease contract. (Exhibit 1 of plaintiff.)

Since the Mercantil Fernández & Co., Inc. refused to vacate the premises, on September 25, 1950, Antonio Carrasco filed in the former District Court of Puerto Rico, San Juan Section, an action for damages against Juan Auffant and the Mercantil Fernández & Co., Inc. When the case was set for hearing on November 1, 1951, it appeared from plaintiff's own evidence that on July 7, 1949, the plaintiff Antonio Carrasco, in turn, had transferred to Sociedad Suárez y Carrasco all the rights and actions which he had acquired from Juan Auffant in the lease contract (Tr. 35, 36, 37). The plaintiff asked the court for leave to amend his complaint to the effect that Sociedad Suárez y Carrasco, instead of Antonio Carrasco, would appear as plaintiff (Tr. 35). The trial judge stayed the hearing of the case and granted plaintiff permission to file an amended complaint (Tr. 37). After the amended complaint was filed, defendants and appellees filed a motion to strike the amended complaint which was sustained by decision of the trial judge, Mr. Calderón, Jr. Having prayed for judgment in accordance with the terms of the decision, the plaintiff-appellant appealed and assigned the following errors:

First error: "The trial court erred in holding that a complaint in which the transferor of certain rights is the plaintiff can not be amended to make the transferee the plaintiff, notwithstanding that the transferee is a partnership of which the transferor is a managing partner."

Second error: "The lower court erred in holding that, as a matter of public policy, it should dismiss the complaint because the demands made by the plaintiff on the corporation occupying the aforesaid warehouse and equipment were contrary to the spirit of the rent law, thereby committing error, because there is nothing in said rent law which precludes a natural or juridical person from entering into a contract binding itself

to vacate commercial premises on a specific date or contingency, and there is nothing whatsoever contrary to public policy in exacting damages for breach of such promise."

 As to the first error, the applicable law is Rule 25 of the Rules of Civil Procedure for the Courts of Puerto Rico, concerning the substitution of parties. In general, the substitution of parties is authorized in Puerto Rico in the following cases: (1) when a party dies and the claim is not thereby extinguished; (2) when a party becomes incompetent; (3) when there is any transfer of interest in the thing in action; (4) when a public officer is a party to an action and during its pendency dies, resigns, or otherwise ceases to hold office.

In order to substitute a party when any transfer of interest in the thing in action occurs, paragraph (c) of Rule 25 provides: "In case of any transfer of interest, the action may be continued by or against the original party, unless the court upon motion directs the persons to whom the interest is transferred to be substituted in the action or joined with the original party." Our local rule is a restatement of Rule 25 of the Federal Rules of Civil Procedure for the District Courts of the United States: 4 Moore's *Federal Practice* 526 (Matthew Bender & Co., 1953 ed.).

The fact that permission was sought to amend the complaint, and not to substitute one party for another, or to join one party with another, has compelled us to examine the difference between an amendment to join new parties to an action and a substitution of parties, properly speaking. Comparing amendment with substitution, Moore holds: "It is vital to distinguish between substitution under Rule 25, and an amendment bringing in new parties. Under Rule 25 substitution is meant to cover only those cases where the proper parties have been joined but, because of death, incompetency, etc., of a party, another may be substituted. Amendment, on the other hand, *may* allow the addition of

parties who should have been joined originally, either as necessary or indispensable parties, or *may* permit 'replacement' of a party in or against whom the cause of action really lies. Thus, for example, after an action has been instituted against an employee, who has in the course of his employment injured the plaintiff, the plaintiff may discover the desirability of suing the employer in addition to or instead of the employee. Whether or not the employer can be joined or can replace the employee as defendant is a problem of amendment and not substitution. The vitality of the distinction, of course, is that (1) on substitution the substituted party, in all but name, occupies the same relative position in the cause of action which is continued against him, whereas on amendment the cause of action, as far as the new party is concerned, may be a new one; and (2) the discretionary power of the court as to substitution is not as important as it is in regard to amendment, since in the latter category there may be a difficult issue as to whether the amendment in essence creates a new action": 4 Moore's *Federal Practice* 512 and 513.

▄▄▄▄ Considering the question from the point of view of the substitution of parties by transfer of interest, we must be convinced that the real party in interest continues to be the same, whether considered in connection with the thing in action or in connection with the persons involved in the suit. We agree that the cause of action in connection with the thing in action remains unchanged. But we cannot agree that the same holds true in connection with the persons involved in the action. From the point of view of the substitution of a party, the substituted party generally comes in representation, usually declared by law, of the party originally included. Thus, the heir substitutes the ancestor, the tutor the incompetent, the successor to an office the former public officer, the trustee his debtor. That is why, in the case of a transfer of interest in the thing in

action pursuant to the principle of representation of the real party in interest, the substitution must be made after the action has been filed by the real party in interest, in order that the transferee may allege his status as a real party in interest, by substitution, in the result of the litigation; 4 Moore's *Federal Practice* 526, note 1. Substitution of a party does not lie when the transfer of interest is made prior to the bringing of an action: 39 Am. Jur. 970, § 100, 135 A.L.R. 344 and 345. The reason is obvious, because from the beginning of the action the real party in interest is the transferee and not the transferor. It is inconceivable that after a transferor has assigned all his rights, he should remain the real party in interest in continuing the action; and not being the real party in interest, no person can be substituted in his name because of having obtained an interest from someone who, from the time of the filing of the action, had no interest whatsoever in the litigation. The plaintiff and appellant, rationalizing as to this particular, has tried to convince us that if the transfers of interest in the cause of action are allowed *pendente lite*, it is only logical to assume that they are also allowed *ante lite*. He does not cite any authority in support of that specific point. On our part, the authorities which we have found are to the effect that where the transfer of interest is made prior to the bringing of an action, the substitution of parties does not lie.

Considering the question from the point of view of an amendment to join one party in place of another, we would have to be convinced that the cause of action would continue to be the same, whether considered in connection with the thing in action or in connection with the persons involved in the suit. It may be that this is a case where we might reach the conclusion that the cause of action would continue to be the same in connection with the thing in action, but we could not reach the conclusion that the cause of action would continue to be the same in connection with the per-

sons involved in the litigation. Assuming, without deciding, that we are dealing with a thing in action which could be transferred, it is indisputable that the parties do not have, among themselves, the same degree of liability towards each other. The second transferee has been compelled to include as parties defendant both the first transferee and the trans- feror. The third transferee—Sociedad Suárez & Carrasco— would have to include as parties defendant the second trans- feree Antonio Carrasco, the first transferee Mercantil Fer- nández & Compañía, Inc., and the original transferor, Juan Auffant, for although in the original complaint Antonio Carrasco alleges that the Mercantil Fernández & Compañía, Inc., bound itself with Mr. Auffant as well as with himself, to vacate the premises, which reason led him to buy the con- tract rights of Juan Auffant, when he testified before the trial judge he admitted that it was Juan Auffant and not he who spoke to the officers of the Mercantil Fernández & Co., Inc., before the contract was signed, and therefore, the possible damages for breach of the promise to vacate, are a liability of Juan Auffant to Antonio Carrasco. Moreover, we observe that the transfer performed by Juan Auffant in favor of Antonio Carrasco includes "the warehouse, the office furniture and the use of the afore-described telephone and he likewise *transfers and assigns* without reserves of any kind to said Mr. Carrasco Carvajal, *his lease rights to the premises.*" (Tr. 38 and 39). If this is so, how can this contract bind Juan Auffant in any way to surrender the premises, if in the reality of law what he transfers is his lease rights against a sub-lessee? Moreover, Mercantil Fer- nández & Co., Inc., alleges that the sub-lease contract with Mr. Auffant was on condition that from the monthly rent of the premises a part would go to pay a debt owed by Mr. Auffant to the company and that therefore, it was entitled to continue occupying the premises until the debt were paid. Still further, the transfer of the contract to the Sociedad

Suárez & Carrasco is made in payment of the partnership capital of Antonio Carrasco, and should have appeared under an intrinsic numerical value.

■ We very much question whether, under this situation, it may be alleged that the cause of action would continue to be the same in connection with the persons involved in the litigation. But even so, this Court has long since adopted the doctrine that where the amendment to a complaint is aimed at bringing in a party wholly different from the one which had no, or against whom there was no, cause of action originally, said amendment introduces a new cause of action which should be heard in an independent proceeding between the real parties in interest. *González* v. *White Star Bus Line, Inc.*, 53 P.R.R. 328, 330 (Del Toro) (1938); *Vere* v. *Court*, 54 P.R.R. 248, 253 (Del Toro) (1939); *Ramón Morán & Cía.* v. *Court*, 55 P.R.R. 618, 625 (Del Toro) (1939); *Echevarría* v. *Despiau*, 72 P.R.R. 442, 445 (Marrero).

■ As to the second error, we are inclined to agree with the trial judge that the possible rights of the last transferee to acquire the possession of the premises sub-leased to the Mercantil Fernández & Compañía, Inc., fall under the public-policy measures prescribed by the Reasonable Rents Act.

The judgment appealed from will be affirmed.

Mr. Justice Marrero and Mr. Justice Pérez Pimentel did not participate herein.